IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
at Columbus

| | | |
|---|---|---|
| ROBERT KEITH YOST | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Case No. 2:12-cv-704 |
| | * | |
| HORIZON MENTAL HEALTH | * | |
| MANAGEMENT, LLC, et al. | * | |
| | * | |
| Defendants. | * | |

## AGREED PROTECTIVE ORDER

Upon Motion and pursuant to the stipulation of the parties, and based on its independent review, the Court deems it appropriate to limit disclosure of certain documents, testimony, and other information to be disclosed or produced in this litigation by the Parties as set forth below, that contain private information belonging to persons not party to this litigation, proprietary information, trade secrets or other confidential research, development, or commercial information, as well as other information protected from disclosure by applicable law. To preserve the confidentiality of such documents and information, the parties to this action have stipulated and agreed to give effect to the requirements set forth below. Therefore,

**IT IS HEREBY ORDERED THAT:**

1. A party producing documents or serving written discovery responses that the producing party contends contain trade secrets or other confidential research, development, or commercial information ("Confidential Information") shall mark such documents, or a portion thereof, with the word "Confidential."

2. If Confidential Information is used or marked as an exhibit in a deposition, or if deposition questions, testimony, or colloquy discloses Confidential Information, counsel for any party claiming confidentiality for the Confidential Information shall inform the court reporter and counsel for the others parties of the claim of confidentiality either contemporaneously on the record during the deposition or in writing within 30 days after having received a copy of the deposition transcript. In addition, any other person claiming that any information disclosed in the deposition is Confidential Information may so inform the court reporter and counsel for all parties in the same manner and within the same time period. Each transcript and all testimony designated as Confidential shall be treated as Confidential Information, pursuant to the terms of this Order, except as otherwise agreed in writing by each party claiming confidentiality or as otherwise ordered by the Court.

3. The designation of material as "Confidential" shall be made by placing or affixing on the first page of the material or on each page of the material, in a manner that will not interfere with the material's legibility, the word "Confidential."

4. Confidential Information shall not be used or shown, disseminated, copied, or in any way communicated, orally, in writing, or otherwise, by the parties, their counsel, or any of their representatives, agents, expert witnesses, or consultants, for any purpose whatsoever, other than as required by the parties and their counsel for the preparation and trial of this action. Access to Confidential Information shall be limited to those persons designated as "Qualified Persons" in paragraph 7 below.

5. Confidential Information may be disclosed only to the following persons (hereinafter referred to as "Qualified Persons"):

    a. the parties and their officers, directors, employees, and agents;

2

  b. counsel of record for the parties and employees and agents of such counsel who are assisting such counsel in the preparation or trial of this action;

  c. any witnesses and all experts and consultants retained by the parties whose assistance is necessary for the litigation of this action; provided, however, that, (i) before disclosing any Confidential Information to any such witness, expert or consultant, counsel of record for the party intending to make that disclosure shall obtain from the expert or consultant a written statement, in the form of Exhibit A attached hereto, signed by the witness, expert or consultant, stating that, to the best of that person's knowledge, that person is not an employee of or consultant to any entity or person that is a competitor or supplier of Defendants; and (ii) no disclose of Confidential Information shall be made to any person who has not provided such a signed statement, which statement shall be retained by counsel of record for the party making the disclosure to the expert or consultant.

  d. the Court and the Court's employees and staff in this case;

  e. by Order of the Court; and

  f. any person expressly named and agreed to in writing by the parties.

6. Before being given access to Confidential Information, each Qualified Person (other than counsel of record, the Court, and the officers, directors, employees, and agents of the party that produced the Confidential Information) shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing, in the form attached hereto as Exhibit A., to be bound by the terms of this Order and to be subject to the jurisdiction of this Court for the purposes of any proceeding relating to the performance under, compliance with, or violation of this Order. Counsel for each party shall maintain a list of all Qualified Persons to

3

whom they or their client have provided any Confidential Information, and that list shall be available for inspection by the Court. In addition, each of the parties and their attorneys expressly stipulate to be subject to the personal jurisdiction of this Court for purposes of any proceeding brought by a party to this action to enforce this Order.

7. Except to the extent otherwise permitted by this Order, every Qualified Person provided copies of or access to Confidential Information pursuant to this Order shall keep all such materials and information, and any copies, notes, extracts, summaries, or descriptions of such material, within their exclusive possession and control, shall treat all such copies, notes, extracts, summaries, or descriptions of the Confidential Information or any portion thereof as Confidential, shall take all necessary and prudent measures to maintain the confidentiality of all such materials or information, and shall not disseminate such Confidential Information.

8. If any counsel of record distributes copies of material containing Confidential Information to one or more Qualified Persons, all such materials, and all copies, notes, extracts, summaries, or descriptions of such material, shall be returned to that counsel of record or destroyed at the completion of the Qualified Person's consultation or representation in this case. Counsel of record shall, upon request by opposing counsel or the Court, execute an affidavit stating that to the best of counsel's knowledge all materials containing Confidential Information, and all copies, notes, extracts, summaries, or descriptions of any such material, have been returned or destroyed as required. If any counsel of record distributes copies of material containing Confidential Information to one or more Qualified Persons, all such materials, and all copies, notes, extracts, summaries, or descriptions of such material, shall be either destroyed or returned to that counsel of record at the completion of the Qualified Person's consultation or representation in this case. If a Qualified Person destroys such material, rather than returning it to

4

that counsel of record, the Qualified Person shall promptly provide to that counsel of record an affidavit stating that all materials containing Confidential Information, and all copies, notes, extracts, summaries, or descriptions of any such material, have been destroyed. That counsel of record shall, upon request by opposing counsel or the Court, provide to opposing counsel (a) an affidavit stating that all materials containing Confidential Information, and all copies, notes, extracts, summaries, or descriptions of any such material, have, to the best of that counsel of record's knowledge, been returned or destroyed as required, and (b) all affidavits of Qualified Persons who provided that counsel of record with affidavits pursuant to the provisions of this paragraph.

9. In the event that any Confidential Information or documents are incorporated in any paper filed in connection with this proceeding or any subsequent appeals, the party seeking to file such Confidential Information must seek leave of the Court to file the Confidential Information under seal. Such leave will be granted upon motion and for good cause shown. Documents filed under seal shall be filed in envelopes that are marked on the outside "Confidential - Filed Under Seal."

10. Promptly after the termination of this action by entry of a final judgment or order of dismissal, all materials containing Confidential Information shall be destroyed, with the exception that counsel of record may retain one copy of each deposition transcript and/or document designated as Confidential Information, subject to the ongoing confidentiality obligations imposed herein.

11. After the termination of this action by entry of a final judgment or order of dismissal, the provisions of this Order shall continue to be binding. The terms of this Order constitute, and shall be deemed to be, an enforceable agreement between the parties (and their

agents and attorneys, to the extent permitted by the Rules of Professional Conduct in this jurisdiction), and the terms of this Order may be enforced by specific performance in any court of competent jurisdiction.

12. This Order shall be binding on the parties, their attorneys, and the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over whom or which the parties have control.

13. This Order does not constitute a waiver of any party's right to object to discovery on any ground, including the ground that information sought contains trade secrets or other confidential research, development, or commercial information; nor does it constitute an admission or representation by any party that any document or information designated as Confidential is in fact a trade secret or contains confidential research, development, or commercial information; nor does it constitute a waiver of any party's right to challenge the confidentiality of any redaction or designation.

14. By producing documents for review and inspection, the parties do not waive any objections to relevance for summary judgment or other purposes or to the admissibility at trial of any such document or of any information contained in any such document.

15. By stipulating to this Order, no party waives any right it may have to withhold or redact information protected from disclosure by the attorney-client privilege or other applicable privilege, the work-product doctrine, or any other protection, law, or regulation, or to seek appropriate protective orders respecting documents asserted to be subject to any such privilege, doctrine, protection, law, or regulation.

6

16. The entry of this Order shall be without prejudice to the rights of the parties, or any one of them, or of any non-party, to assert or apply for additional or different protection.

17. Nothing in this order shall limit any party's right to disclose to any person, or use for any purpose, its own information and documents.

18. If a party inadvertently produces Confidential Information without the required "Confidential" legend, the producing party shall, within five business days of discovering the inadvertent omission, inform the receiving party in writing of the inadvertent omission and the specific material at issue. Upon receipt of such notice, the receiving party shall treat the material identified in the notice as Confidential until (a) the parties agree to non-confidential treatment of the subject material, or (b) the Court, on motion of either party made within ten (10) days of the date of the written notice regarding inadvertent omission, issues an order addressing the appropriate treatment of the subject material. A party shall not be deemed to have waived any right to designate material as "Confidential" by allowing inspection of such material prior to a designation of such material as "Confidential" or by inadvertently failing to mark a document as "Confidential" prior to its disclosure.

19. If a party contends that any document has been erroneously or improperly designated Confidential, it shall nevertheless treat the document as Confidential until either (a) that party obtains from the designating party written permission to do otherwise, or (b) this Court enters an order stating that the document shall not be treated as Confidential Information.

20. A party may challenge the designation of a document or other material as Confidential only as follows:

    a. If a party believes that material designated by another as Confidential has not been properly so designated or should be reclassified or revealed to an individual not

7

otherwise authorized to have access to that material under this Order, that party (the "challenging party") shall provide to the designating party written notice of that disagreement, stating the reason(s) for the challenge. During the 10-day period following service of the written challenge on the designating party (the "Meet and Confer Period"), the challenging and designating parties shall first try to dispose of such challenge in good faith on an informal basis.

      b.     If neither the designation nor the objection is withdrawn during the Meet and Confer Period, the designating party shall have 30 days from the receipt of the written challenge notice to apply to the Court for an order designating the material as Confidential. The designating party bears the burden of establishing that the material is entitled to protection as Confidential Information. Any material that is designated as Confidential Information that is the subject of a challenge shall remain subject to this Protective Order until the Court rules on the designating party's motion or, if no motion is made, until the time for the designating party to bring a motion has expired.

IT IS SO ORDERED.

Dated: 3/12/2013

UNITED STATES MAGISTRATE JUDGE
N M KING, USMjudge

AGREED TO BY:

/s/ Christopher J. Regan
Christopher J. Regan, Esq. (0074492)
Michelle Marinacci, Esq. (0087171)
Bordas & Bordas, PLLC
1358 National Road
Wheeling, WV 26003
*Counsel for Plaintiff Robert Keith Yost*

/s Catherin F. Lacho
**Catherine F. Lacho, Esq. (0082700)**
Forest Brown Todd LLC
10 West Broad Street, Suite 2300
Columbus, OH 43215
*Counsel for Defendants Horizon Mental Health Management, LLC* and *Jacqueline Heidi Hess*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
at Columbus

| | | |
|---|---|---|
| ROBERT KEITH YOST | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Case No. 2:12-cv-704 |
| | * | |
| HORIZON MENTAL HEALTH | * | |
| MANAGEMENT, LLC, et al. | * | |
| | * | |
| Defendants. | * | |

### AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

I, _____, declare and agree as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____
_____.

4. I acknowledge that I may receive information or material, or both, designated as "Confidential" in accordance with the Protective Order ("Order") regarding treatment of Confidential Information entered by the Court in the lawsuit identified in the above caption.

5. I have received a copy of that Order and have read it. I am familiar with its terms and conditions. I agree to comply with and to be bound by each of the terms and conditions of that Order. In particular, I agree to hold in confidence, in accordance with the requirements of the Order, any information and material disclosed to me pursuant to that Order.

6. I understand that the Order has been issued by a court of competent jurisdiction and is enforceable by the power of contempt. I understand fully that my breach of the Order, or

any of its terms, may result in sanctions by the Court, contempt proceedings, or other proceedings to enforce the terms of the Order.

7. I agree (a) to notify all stenographic, clerical, or other personnel who are required to assist me in my assigned duties of the terms of the Order, (b) to provide them with a copy of this declaration for their signature, and (c) to obtain and keep the copy of this declaration after it has been properly signed.

8. To the best of my knowledge, I am not employed by or a consultant to any person or entity that is a competitor of Defendants.

9. I agree that I will not show, disseminate, or in any way communicate, orally, or writing, or otherwise, to anyone, or use or copy, for any purpose whatsoever, other than as required for the preparation and trail of this action, any Confidential Information provided to me in connection with this litigation, and I will not reveal any Confidential Information to any person who is not a "Qualified Person" as defined in paragraph 5 of the Order.

I declare under penalty of perjury that the foregoing is true and correct and represents my understanding of my agreement to be bound to the terms of the Stipulated Protective Order.

Executed this ____ day of _____, 2013.

Signed:_____